IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:02CR018 |
| vs. | : | Judge Weber |
| ANTONIO HOWARD, | : | **EXPEDITED ACTION DOCKET** |
| Defendant. | : | |

**DEFENDANT'S MOTION TO REDUCE SENTENCE,
PURSUANT TO 18 U.S.C. § 3582(c)(2),
IN A "DISPUTED DISPOSITION CASE"**

Pursuant to 18 U.S.C. § 3582(c)(2), Defendant Antonio Howard, through undersigned counsel, hereby moves this Court for an Order reducing his sentence on count two of the indictment from 46 months to 37 months based on the retroactive application of the November 1, 2007 crack amendment. This sentence would run consecutively to the 60 month sentence imposed on count three.

Respectfully submitted,

STEVEN S. NOLDER,
FEDERAL PUBLIC DEFENDER

s/ James F. Maus
James F. Maus (00795972TX)
Assistant Federal Public Defender
2000 URS Center
36 East Seventh Street
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Antonio Howard

**MEMORANDUM**

At Mr. Howard's sentencing hearing on December 5, 2002, it was determined that his base offense level for count two was 27 (46.5 grams of cocaine base) and his criminal history category was II. The Pre-Sentence Report (PSR) recommended a criminal history category III, but the Court found that a category II was a more accurate reflection of Mr. Howard's criminal history. These determinations yielded a guideline sentencing range of 78 to 97 months. This Court granted the government's motion for a downward departure from the guideline range, based upon U.S.S.G. § 5K1.1, and sentenced defendant to months for count two, possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Mr. Howard's sentence of 46 months was ordered to run consecutively to the 60 month sentence on count three for his carrying a firearm during the commission of a drug trafficking crime. The aggregate sentence imposed was 106 months.

Mr. Howard is currently an inmate at FCI Ashland and he is scheduled for release on November 22, 2009.

On November 1, 2007, the Sentencing Commission promulgated Guideline Amendment 706 reducing the offense levels for crack offenses by two levels. On December 11, 2007, the United States Sentencing Commission authorized the retroactive application of Guideline Amendment 706 to all defendants who met certain eligibility criteria and who were still serving a sentence that was computed by the crack guideline predicated on the 100:1 powder to crack cocaine ratio. The impact of the new guideline, if it applies, will be the reduction of the person's base offense level by two levels.

However, it is important to note that even the blind application of the new amendment yields sentences for crack offenses between two and five times longer than sentences for equal amounts of

powder cocaine.  <u>Kimbrough v. United States</u>, 128 S.Ct. 558, 569 (2007).  Moreover, the Commission characterized its November 1st crack amendment as a "partial remedy" for the problems created by the 100:1 ratio and it challenged Congress to study the issue in depth and consider additional action.  <u>Id</u>.  Consequently, after <u>Kimbrough</u>, this Court is free to treat the 100:1 ratio as advisory in arriving at a sentence that is sufficient, but not greater than necessary, to satisfy Congress' sentencing mandate.

In order to be eligible for the retroactive application of the new guideline, the person must satisfy the following criteria: (1) his/her base offense level had to be more than 12; (2) his/her base offense level could not be more than 43; (3) his/her base offense level could not be computed using more than 4,500 grams of crack; (4) the person could be neither a "career offender" nor an "armed career criminal;" and (5) the person's original sentence was greater than any applicable statutory mandatory minimum punishment, unless the person received relief from the mandatory minimum due to the application of the safety valve or a motion for downward departure due to his/her "substantial assistance" under 18 U.S.C. § 3553(e).

On February 15, 2008, representatives of the United States Probation Office, the United States Attorney's Office, and the Federal Public Defender's Office met to discuss Mr. Howard's eligibility, among many others.  All parties were in agreement that Mr. Howard fulfilled the above-listed criteria.  However, the government believes a reduction is inappropriate because of Mr. Howard's conviction of a § 924(c) offense.

Because Mr. Howard is eligible for the retroactive application of the new crack guideline, it is necessary to consider whether his early release poses a risk to the safety of the public. Related considerations include Mr. Howard's "post-sentencing conduct," U.S.S.G. § 1B1.10, Application Note 1(B)(ii) & (iii), and other §3553(a) factors, including how the new crack guideline impacts

defendants convicted of crack offenses.

Although the government's blanket claim that individuals who were convicted of § 924(c) offenses continue to present a danger to the community and are not worthy of early release may have some surface appeal, it ignores the fact that Mr. Howard served a five year sentence in addition to the sentence imposed by the Court for distribution of cocaine base. In fact, that five year sentence for the possession of a firearm is greater than the sentence imposed on Count II for distributing cocaine base. Moreover, Mr. Howard does not seek a reduction of the sentence imposed for the § 924(c) conviction. Although the presence of a firearm at a drug transaction can ratchet up the potential for danger; it is also important to remember that Congress took this into consideration in constructing the onerous punishment regime for § 924(c) offenses. The government's position also ignores the fact that Mr. Howard will be under strict supervision by this Court upon his release from prison. Therefore, categorically excluding defendants convicted of § 924(c) offenses is not appropriate.

Next, it is essential to consider Mr. Howard's post-sentencing conduct. Mr. Howard has taken the initiative at FCI Ashland to enroll in and complete educational and training programs, including his GED. In addition to other programs already completed, Mr. Howard is currently enrolled in the BOP program known as "Car Care Program," which upon completion, can lead to immediate employment with a sponsoring auto maintenance franchise.

Mr. Howard also has the support of his fiancé, Bonnie Anderson. He hopes to establish relationships with his daughters, including one who was under the age of one year when he was taken into custody. He also has the continuing support of his parents. His father is a long time barber in Cincinnati and has offered to give Mr. Howard employment at his barber shop if Mr. Howard completes the necessary training.

Mr. Howard also provided substantial assistance to the government during the instant federal offense. Mr. Howard's assistance provided not only significant help to the government, but also demonstrated to the Court his commitment to breaking all ties with the drug trafficking enterprise and his firm resolution toward his own rehabilitation. His criminal history contains no convictions for crimes of violence.

If Mr. Howard's base offense level were reduced by two levels (level 30 to level 28, minus three levels for acceptance) pursuant to the amendment, his sentencing guideline range for count II would have originally been 63 to 75 months, instead of 78 to 97 months. The departure that Mr. Howard received in his sentencing, pursuant to U.S.S.G. § 5K1.1, reduced Mr. Howard's sentence on count two to 46 months. This total reduction amounted to 59% of 78 months (the bottom end of the original range). Applying this same reduction to the amended guideline range would amount to a new adjusted sentence of 37 months (59% of 63 months). Accordingly, Mr. Howard requests that this Court reduce Mr. Howard's sentence for count two of the indictment from 46 months to 37 months. This sentence would run consecutively to the 60 month sentence imposed on count three. Therefore, the total amended sentence requested by Mr. Carter is 97 months for counts two and three.

For the reasons articulated herein, Mr. Howard respectfully requests that this Court reduce his sentence to 37 months on count two, to run consecutively to the 60 month sentence imposed on count three.

        Respectfully submitted,

        STEVEN S. NOLDER,
        FEDERAL PUBLIC DEFENDER

        *s/ James F. Maus*
        James F. Maus (00795972TX)
        Assistant Federal Public Defender
        2000 URS Center
        36 East Seventh Street
        Cincinnati, Ohio 45202
        (513) 929-4834

        Attorney for Defendant
        Antonio Howard

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the Motion to Reduce Sentence Pursuant to § 3582(c)(2) In A Disputed Case was served electronically upon William Hunt, First Assistant United States Attorney, Office of the United States Attorney, 221 E. Fourth St., Suite 400 Cincinnati, Ohio 45202 this 17th day of March, 2008.

                                              *s/ James F. Maus*
                                              James F. Maus (00795972TX)