```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

```
UNITED STATES OF AMERICA        :       Case No. 1:02-CR-018
                                :
                                :       UNITED STATES' RESPONSE TO
          v.                    :       DEFENDANT'S MOTION TO
                                :       REDUCE SENTENCE
                                :
ANTONIO J. HOWARD               :       Judge Weber
```

- - - - - - - - - - - - - - - - - - - -

Two motions for reduction of sentence in this case are pending. The defendant has filed a motion *pro se* to reduce his sentence (doc. 41) pursuant to 18 U.S.C. § 3582(c). The Public Defender has also filed a similar motion on his behalf (doc. 43). While this defendant is technically eligible for consideration for a reduction of sentence under the recent Guideline Amendment, the government opposes the reduction. We cite two grounds.

Although a defendant may qualify for a reduction in sentence, a reduction of sentence is not automatic. The Court has discretion regarding both whether to grant a reduction and the extent of that reduction within the parameters set forth by the Amendment and the relevant policy statements. The Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission."  Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced.  *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

Before ruling on a proposed reduction of sentence pursuant to Section 3582(c) both 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements instruct the court to consider the nature and seriousness of the danger to the community in determining whether a reduction of sentence is warranted.  *See,* Application Note 1(B)(ii) to § 1B1.10.

The United States Attorney has an obligation to protect the public safety.  Where there is reliable demonstrable evidence that an individual has been a danger to the community, a reduction in sentence is not in the public's interest, and is contrary to the above stated policy.  This defendant was convicted of using, carrying, or brandishing a firearm while committing a drug trafficking crime in violation of 18 U.S.C. § 924(c).  Not only is this far more serious than the two point Guidelines adjustment under § 2D1.1 for possession of a firearm, the degree of proof required for conviction under 18 U.S.C. § 924(c) is far greater.  A conviction requires proof beyond a reasonable doubt.

The Sentencing Commission's action in reducing guideline

2

sentences was based on a perception that non-violent crack cocaine offenders may have been treated too harshly vis-a-vis powder cocaine offenders, but it included an important qualifying public safety limitation.  It was never intended to apply to individuals such as this defendant who carried a loaded handgun to meet with a prospective purchaser of crack cocaine who turned out to be an undercover officer.  While the defendant can argue that he was punished separately for this aspect of his conduct, that does not change the fact that this conduct presents a clear risk to the public safety.  In this defendant's case, his prior aggravated trafficking offense in state court prohibited him from possessing a weapon under any circumstance.  Yet that did not deter him from carrying a loaded handgun during the instant offense.  The government believes the combination of guns and drugs present in this case increases the risk to the public safety that would be caused by this defendant's early release.

The government therefore objects to any reduction in the sentence of this defendant based on the danger to the public safety that use of firearms while committing a drug trafficking crime presents.

As set forth above, the defendant received a separate, consecutive sentence for carrying a firearm in connection with a drug trafficking crime.  In *United States v. Yarber*, 2008 WL 695362 (C.D. Ill) decided March 12, 2008, the Court ruled that a

defendant who received a consecutive sentence for a § 924(c) conviction was not eligible for a reduction of sentence where he had completed serving his underlying crack cocaine sentence and was now serving the consecutive sentence.

The reasoning of that case would apply to the facts of this case. Mr. Howard's sentence of 46 months for his crack cocaine offense would have begun with his arrest on December 12, 2001, or at the latest, on March 19, 2002 when the United States Magistrate Judge issued his detention order. In either case, his 46 months to be served for the crack cocaine offense, has now expired. Therefore, he is now serving the *consecutive* portion of his sentence. This sentence is not "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)", as required by § 3582(c)(2).

The clear language of 18 U.S.C. § 3582 is that the court may *not* modify a term of imprisonment once it has been imposed except...(c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Mr. Howard's present sentence of imprisonment has not been lowered by the Sentencing Commission. It is a legally binding sentence

within the statutory maximum for that count and cannot be changed.

                                        Respectfully submitted,

                                        GREGORY G. LOCKHART
                                        United States Attorney

                                        s/William E. Hunt
                                        WILLIAM E. HUNT (0024951)
                                        First Assistant U.S. Attorney
                                        221 East Fourth Street
                                        Suite 400
                                        Cincinnati, Ohio 45202
                                        (513) 684-3711
                                        Fax: (513) 684-6710
                                        William.Hunt @usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing motion was served this 7th day of April, 2008, by regular U.S. Mail on Antonio J. Howard, #03519-061, P.O. Box 6001, Ashland, KY 41105; and all other counsel by the Court's CM/ECF System.

                                        s/William E. Hunt
                                        WILLIAM E. HUNT (0024951)
                                        First Assistant U.S. Attorney